# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| MARK T. STINSON, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-02870-MSN-atc |
| | ) | |
| JOHN T. FOWLKES, JR., et al., | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION FOR *SUA SPONTE DISMISSAL*

On November 5, 2024, Plaintiff Mark T. Stinson, Sr. filed a *pro se* Complaint and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1, 3.) The Court granted Stinson's motion on December 12, 2024. (ECF No. 8.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

For the reasons discussed below, the Court recommends that Stinson's claims against all Defendants be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief be granted.

## **PROPOSED FINDINGS OF FACT**

Stinson brings claims against Defendants United States District Judge John T. Fowlkes, Jr.; Damon Keith Griffin; Nathan Patrick Brooks; Arthur E. Quinn; Patrick E. Stegall; Larry C. Miller; Chancellor JoeDae L. Jenkins; Rickey E. Williams; Archie Sanders; John P. Yates; Officer Blair; Lt. Randle; Officer Rendon; Officer Crawford; Betty Williams; Nathan Burton;

Mark Yates; Wall & Associates, Inc. ("Wall"); and NationStar Mortgage LLC d/b/a Mr. Cooper ("NationStar"),[1] alleging violations of his civil rights under 42 U.S.C. § 1983.  (ECF No. 1.) Stinson's claims arise from his conviction for federal tax fraud in *United States v. Stinson*, 2:16-cr-20247-JTF (W.D. Tenn. 2016) (the "Criminal Case").  (ECF No. 1, at 7.)

## I.     Allegations Regarding the Criminal Case

Stinson generally alleges that Judge Fowlkes, Griffin, Brooks, Quinn, Miller, Stegall, Chancellor Jenkins, Wilkins, Sanders, Burton, and Williams (collectively, the "Criminal Case Defendants") conspired to steal his idea of "ordering food on the internet and having it brought to your house" and illegally sent him to prison.  (*Id.* ¶ 10.)  He requests relief for "malicious prosecution, malicious loss of liberty, malicious pain and suffering, and malicious aggravated defamation of character."  (*Id.*)  He alleges that the Criminal Case Defendants committed various constitutional deprivations and errors during the Criminal Case that resulted in his conviction. (*Id.* ¶¶ 1–10.)  He seeks a total of $52,000,000 in damages.  (*Id.*)

## II.    Allegations Against the Bureau of Prisons Defendants

Stinson's claims against Warden Yates, Blair, Randle, Rendon, and Crawford (the "BOP Defendants") are based on his allegations of mistreatment while he was incarcerated, including an incident on April 27, 2021, that resulted in him being sent to the special housing unit ("SHU") "for not reporting to an involuntary work assignment."  (*Id.* ¶¶ 11–17.)  He alleges that the BOP "Defendants are in violation of due process, punishment disproportionate to the offense, loss of liberty, increase imminent danger, fundamentally unfairness, excessive administrative segregation, embarrassment, [and] malicious cruel and unusual punishment."  (*Id.* ¶ 17.)  He

---

[1] Stinson asserts his claims against all of these Defendants, except Brooks, in their individual and official capacities.  (ECF No. 1, at 1–6.)

2

seeks $250,000 each from Blair, Randle, Rendon, and Crawford, and $1,000,000 from Warden Yates. (*Id.* ¶¶ 11–17.)

**III.    Allegations of Violations of State Law**

Stinson claims he contracted with Wall because it advertised that, "if you sign with them, they (Wall) will stop all levies and IRS harassment." (*Id.* ¶ 31.) Stinson claims that Wall and its CEO, Mark Yates, did not stop such levies and harassment and that he was sent to prison because of Yates's and Wall's "intentional fraudulent acts and lack of or no representation at all to submit the power of attorney to the IRS on 8/18/2011, to stop the levies, after being paid $18,500, IRS continue [sic] to levy the business and then the business had to closed [sic] because of levies from IRS." (*Id.* ¶ 35.) Stinson asserts damages of $10,018,500 as a direct result of "Defendant's breach, including, but not limited to punitive damages resulting from the intentional and willful breach of contract and malicious deceptive intentional fraudulent acts by the Defendant." (*Id.* ¶ 38.) Stinson claims that Yates and Wall violated various provisions of the Tennessee Consumer Protection Act ("TCPA"), as well as committing fraud, breach of contract, breach of fiduciary duty, misappropriation of funds, misrepresentation, breach of the duty of good faith, usurpation of business opportunity, unfair dealings, interference with business relations, loss of liberty, conspiracy, specific performance, quantum merits, conversion, and violations of business ethics. (*Id.* ¶ 34.)

Stinson next alleges his home was "illegally sold" in a foreclosure action that occurred while he was incarcerated. (*Id.* at 16.) He claims NationStar had a fiduciary duty to consult with him before initiating foreclosure proceedings and seeks damages in the amount of $1,500,000 for breach of contract and "malicious deceptive intentional fraudulent acts." (*Id.* ¶ 49.)

3

## **PROPOSED CONCLUSIONS OF LAW**

**I.      28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

**II.     Standard of Review for Failure to State a Claim**

To determine whether Stinson's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to the plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a

4

complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir. 2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v.*

*Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

**I.      Res Judicata[2]**

Res judicata or "claim preclusion prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.*, 590 U.S. 405, 412 (2020). Parties may not "relitigat[e] the same 'claim' or 'cause of action,' even if certain issues were not litigated in the prior action." *Brownback*, 592 U.S. at 215 n.3; *see also J.Z.G.*, 84 F.3d at 214 ("Claim preclusion applies not only to bar the parties from relitigating issues that were *actually* litigated but also to bar them from relitigating issues that *could have been raised* in an earlier action."). "Suits involve the same claim or cause of action if the later suit arises from the same transaction or involves a common nucleus of operative facts." *Brownback*, 592 U.S. at 215 n.3 (internal quotations omitted).

If a claim is barred by the doctrine of res judicata, "[t]he weight of authority supports dismissal for failure to state a claim." *Owens v. Shelby Cnty. Sch. Bd. of Educ.*, No. 2:18-cv-02345-JTF-dkv, 2018 WL 4374238, at *4 (W.D. Tenn. Jul. 18, 2018), *report and recommendation adopted*, 2018 WL 4179076 (W.D. Tenn. Aug. 31, 2018) (collecting Sixth Circuit cases affirming Rule 12(b)(6) dismissal based on res judicata). Courts are "empowered

---

[2] The term "res judicata" has become ambiguous due its usage as both a synonym for, and a type of, preclusion. *See, e.g.*, *Brownback v. King*, 592 U.S. 209, 215 n.3 (2021) ("The terms res judicata and claim preclusion often are used interchangeably. But res judicata comprises two distinct doctrines. The first is issue preclusion, also known as collateral estoppel . . . . The second doctrine is claim preclusion, sometimes itself called res judicata." (quotations and citations omitted)); *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) (describing "true res judicata" as one of the two doctrines of res judicata). As used herein, res judicata refers only to claim preclusion, distinct from the doctrine of issue preclusion/collateral estoppel.

to raise res judicata sua sponte . . . in the interests of, *inter alia*, the promotion of judicial economy." *Holloway Const. Co. v. U.S. Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir. 1989) (citations omitted). Furthermore, res judicata is an appropriate basis to dismiss for failure to state a claim during the initial screening of a complaint pursuant to § 1915(e)(2). *See Smith v. Morgan*, 75 F. App'x 505, 506 (6th Cir. 2003) (affirming dismissal "pursuant to § 1915(e) because the doctrine of res judicata bars consideration of the instant complaint"); *see also Leirer v. Ohio Bureau of Motor Vehicles Compliance Unit*, 246 F. App'x 372, 374 (6th Cir. 2007) (affirming dismissal based on res judicata pursuant to § 1915(e) because the plaintiff "could have made all of the same allegations and claims he makes in his current lawsuit in that earlier second lawsuit"). In the Sixth Circuit, claims are barred by res judicata if four elements are satisfied:

> (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action.

*Trs. of Operating Eng'rs Loc. 324 Pension Fund v. Bourdow Contracting, Inc.*, 919 F.3d 368, 380 (6th Cir. 2019), *reh'g denied* (June 20, 2019) (quoting *Browning v. Levy*, 283 F.3d 761, 771 (6th Cir. 2002)).

    A.    <u>Claims Against the Criminal Case Defendants</u>

Stinson's § 1983 claims against the Criminal Case Defendants are barred by res judicata. The Court takes judicial notice that Stinson has filed similar—if not completely identical—lawsuits against the same Defendants in this Court, asserting claims arising from the same events.[3] *See Stinson v. Wilkins ("Stinson I")*, No. 2:20-cv-2886-MSN-tmp (W.D. Tenn. 2020);

---

[3] "A court may take judicial notice of other court proceedings." *Buck v. Thomas M. Cooley L. Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (citing *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008)).

7

*Stinson v. Fowlkes ("Stinson II")*, No. 2:21-cv-2128-MSN-tmp (W.D. Tenn. 2021);[4] *Stinson v. Williams ("Stinson III")*, No. 2:22-cv-2576-SHM-tmp (W.D. Tenn. 2022);[5] *Stinson v. Fowlkes ("Stinson IV")*, No. 2:22-cv-2694-SHM-tmp (W.D. Tenn. 2022).

The first element of res judicata is satisfied because final decisions on the merits were entered in the prior cases. *Stinson I*, *II*, *III*, and *IV* were each dismissed for failure to state a claim under § 1915(e)(2).[6] *Stinson I*, No. 2:20-cv-2886-MSN-tmp, ECF No. 7 (W.D. Tenn. Mar. 5, 2021); *Stinson II*, No. 2:21-cv-2128-MSN-tmp, ECF No. 12 (W.D. Tenn. Sept. 9, 2021), *appeal dismissed*, No. 21-5904 (6th Cir. Dec. 30, 2021); *Stinson III*, No. 2:22-cv-02576-SHM-tmp, 2023 WL 146267, at *10 (W.D. Tenn. Jan. 10, 2023); *Stinson IV*, No. 2:22-cv-2694-SHM-tmp, 2023 WL 3938880, at *6 (W.D. Tenn. June 9, 2023), *appeal dismissed*, No. 23-5869, 2023 WL 9063672 (6th Cir. Dec. 14, 2023). Dismissal under § 1915(e)(2) constitutes a final decision on the merits. *See Davis v. Butler Cnty., Ohio*, 658 Fed. App'x 208, 213 (6th Cir. 2016) (noting that "dismissal under § 1915(e) operates as an adjudication on the merits only as to future complaints filed *in forma pauperis*").

The second element is satisfied because Stinson filed the prior cases against the same Criminal Case Defendants in this case. *See Stinson I*, No. 2:20-cv-2886-MSN-tmp, ECF No. 1

---

[4] On March 18, 2021, case no. 2:21-cv-2128-MSN-tmp was consolidated with case no. 2:21-cv-2148-MSN-tmp, another case Stinson had filed, because the cases were almost identical. *Stinson II*, No. 2:21-cv-2128-MSN-tmp, ECF No. 4 (W.D. Tenn. Mar. 18, 2021).

[5] On January 10, 2023, case no. 2:22-cv-2576-SHM-tmp was consolidated with case no. 2:22-cv-2823-SHM-tmp, another case Stinson had filed, because the cases "allege[d] the same claim, against the same Defendants, arising from the same facts." *Stinson III*, No. 2:22-cv-02576-SHM-tmp, 2023 WL 146267, at *1 (W.D. Tenn. Jan. 10, 2023).

[6] Stinson proceeded *in forma pauperis* in each of these cases. *See Stinson I*, No. 2:20-cv-2886-MSN-tmp, ECF No. 4 (W.D. Tenn. Dec. 9, 2020); *Stinson II*, No. 2:21-cv-2128-MSN-tmp, ECF No. 7 (W.D. Tenn. Apr. 19, 2021); *Stinson III*, No. 2:22-cv-2576-SHM-tmp, ECF No. 4 (W.D. Tenn. Sept. 1, 2022); *Stinson IV*, No. 2:22-cv-2694-SHM-tmp, ECF No. 7 (W.D. Tenn. Oct. 28, 2022).

(W.D. Tenn. Dec. 7, 2020) (suing Wilkins and Sanders); *Stinson II*, No. 2:21-cv-2128-MSN-tmp, ECF No. 8 (W.D. Tenn. Apr. 28, 2021) (suing Judge Fowlkes, Griffin, Brooks, Quinn, Stegall, Chancellor Jenkins, and Miller); *Stinson III*, No. 2:22-cv-2576-SHM-tmp, ECF No. 1 (W.D. Tenn. Aug. 31, 2022) (suing Williams and Burton); *Stinson IV*, No. 2:22-cv-2694-SHM-tmp, ECF No. 30 (W.D. Tenn. Apr. 4, 2023) (suing Judge Fowlkes, Griffin, Brooks, Quinn, Stegall, Miller, Chancellor Jenkins, Wilkins, and Sanders).

The third and fourth elements are satisfied because all the previous cases involved the same issues and factual allegations as those raised in this case. In determining whether there is an identity of causes of action, courts in the Sixth Circuit evaluate whether "the claims arose out of the same transaction or series of transactions, or if the claims arose out of the same core of operative facts." *Id.* at 383 (quoting *Winget v. JP Morgan Chase Bank*, 537 F.3d 565, 580 (6th Cir. 2008)). This element is also satisfied if there is an affinity between "the facts creating the right of action and . . . the evidence necessary to sustain each action," with "the evidentiary component looking to whether the same underlying factual evidence could support and establish both claims." *Id.* at 383–84 (internal citations and quotations omitted). "[T]he critical consideration is operative 'factual overlap' between the claims." *Id.* at 384 (citing *Heike v. Cent. Mich. Univ. Bd. of Trs.*, 573 F. App'x 476, 483 (6th Cir. 2014)).

Here, all of the claims in the instant case arose from the same core of operative facts, and were or could have been asserted in, the prior cases. In *Stinson I*, Stinson alleged that Wilkins and Sanders committed various wrongs in their representation of Stinson in a Tennessee state court case, including ineffectiveness and preventing Stinson from hiring an experienced trial attorney in the Criminal Case, *see* No. 2:20-cv-2886-MSN-tmp, ECF No. 1 ¶ 3—the same claims he alleges against Wilkins and Sanders in this case (ECF No. ¶¶ 8, 9). In *Stinson II*, Stinson

9

alleged improper conduct by Judge Fowlkes, Griffin, Brooks, Quinn, Stegall, Chancellor Jenkins, and Miller in and related to the Criminal Case, *see* No. 2:21-cv-2128-MSN-tmp, ECF No. 8—the same claims he alleges against those Defendants in this case (ECF No. 1 ¶¶ 1–7).  In *Stinson III*, Stinson alleged improper conduct by Williams and Burton in and related to the Criminal Case, *see* No. 2:22-cv-2576-SHM-tmp, ECF No. 1, at 4–5—the same claims he alleges against those Defendants in this case (ECF No. 1 ¶¶ 22–26).  In *Stinson IV*, Stinson alleged improper conduct by Judge Fowlkes, Griffin, Brooks, Quinn, Stegall, Miller, Chancellor Jenkins, Wilkins, and Sanders in and related to the Criminal Case, *see* No. 2:22-cv-2694-SHM-tmp, ECF No. 30, at 7–10—the same claims he alleges against those Defendants in this case (ECF No. 1 ¶¶ 1–9).  Those cases thus share identity with this cause of action, and all issues raised in this case were or should have been raised in those cases.

Because each element of res judicata is satisfied, it is recommended that all claims against the Criminal Case Defendants be dismissed.

        B.        <u>Claims Against the BOP Defendants</u>

Stinson's claims against the BOP Defendants are also barred by res judicata.  Again, the Court takes judicial notice that these claims are identical to those he asserted against the same Defendants in a case in the United States District Court for the Eastern District of Arkansas.  *See Stinson v. Yates ("Stinson V")*, No. 2:21-cv-00111-DPM-JTK (E.D. Ark. 2021).

The first element of res judicata is satisfied because *Stinson V* concluded with a final decision on the merits.  The case, in which Stinson also proceeded *in forma pauperis*, *see id.* at ECF No. 6 (E.D. Ark. Sept. 3, 2021), was dismissed under § 1915(e)(2), *see id.* at ECF Nos. 5, 10 (E.D. Ark. Sept. 3, 2021; Sept. 23, 2021).  *See Davis*, 658 F. App'x at 213.

10

The second element is satisfied because Stinson filed *Stinson V* against the same BOP Defendants in this case. *See* No. 2:21-cv-00111-DPM-JTK, ECF No. 1 (E.D. Ark. Aug. 23, 2021) (suing Warden Yates, Blair, Randle, Rendon, and Crawford).

The third and fourth elements are satisfied because *Stinson V* involved the same issues and factual allegations as those raised in this case. In *Stinson V*, Stinson alleged that he was wrongfully sent to the SHU for not reporting to an involuntary work assignment, *see id.*—the same claims he alleges against the BOP Defendants in this case (ECF No. 1 ¶¶ 11–17). *Stinson V* thus shares identity with this cause of action, and all issues raised in this case were or should have been raised in *Stinson V*.

Because each element of res judicata is satisfied, it is recommended that all claims against the BOP Defendants be dismissed.

C.     State-Law Claims

Stinson's state-law claims against Wall, Mark Yates, and NationStar are also barred by res judicata. The Court again takes judicial notice that the claims Stinson asserts against Wall and Yates are identical to those asserted in *Stinson v. Wall & Associates Inc. ("Stinson VI")*, No. CT-4058-20 (Tenn. Cir. Ct. Sept. 29, 2020) , and his claims against NationStar are identical to those asserted in *Stinson v. NationStar Mortgage LLC ("Stinson VII")*, No. 2:24-cv-2094-SHL-cgc (W.D. Tenn. 2024).

The first element of res judicata is satisfied because both *Stinson VI* and *Stinson VII* concluded with final decisions on the merits. In *Stinson VI*, the court dismissed all claims with prejudice. *See* No. CT-4058-20 (Tenn. Cir. Ct. Aug. 10, 2022) (dismissing the complaint on res judicata grounds due to a prior dismissed suit asserting the same causes of action in the General Sessions Court of Shelby County, Docket No. 1889286, and also because "any and all possible

11

applicable statutes of limitation ran and expired long before the current filing"). In *Stinson VII*, the complaint was dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. 2:24-cv-2094-SHL-cgc, ECF No. 46, at 2 (W.D. Tenn. Aug. 29, 2024). Both types of dismissals constitute final decisions on the merits. *See, e.g.*, *Mitchell v. Chapman*, 343 F.3d 811, 820 (6th Cir. 2003) ("[A] dismissal for failing to comply with a statute of limitations is a decision on the merits for claim preclusion purposes." (citing *Nathan v. Rowan*, 651 F.2d 1223, 1226 (6th Cir. 1981))); *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009) ("By its plain language, an involuntary dismissal under Federal Rule of Civil Procedure 41(b) constitutes an adjudication on the merits and carries preclusive effect.").

The second element of res judicata is satisfied because Wall and NationStar were defendants in these prior cases. *See Stinson VI*, No. CT-4058-20 (Tenn. Cir. Ct. Sept. 29, 2020) (suing Wall); *Stinson VII*, No. 2:24-cv-2094-SHL-cgc, ECF No. 1 (W.D. Tenn. Dec. 14, 2023) (suing NationStar). In addition, though Yates was not named as a defendant in *Stinson VI*, he was in privity with Wall as its CEO. *See Floch v. JP Morgan Chase Bank, N.A.*, No. 14-cv-02712-STA-tmp, 2015 WL 1279407, at *6 (W.D. Tenn. Mar. 20, 2015) ("Even though the Bank was the only actual party to the state court mortgage foreclosure proceedings, the other defendants, as directors, officers, employees, and attorneys of the Bank, are in privity with the Bank for purposes of res judicata." (quoting *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1235 n.6 (7th Cir. 1986))).

The third and fourth elements of res judicata are satisfied because *Stinson VI* and *Stinson VII* involved the same issues and factual allegations as those raised in this case. In *Stinson VI*, Stinson alleged that he paid Wall $18,500 and "they did not do anything at all to help with the back taxes and we were levied several times by the IRS. Later the petitioner was sent to prison."

No. CT-4058-20 (Sept. 29, 2020).[7] Those claims are the same as those he alleges against Wall and Yates in this case. (ECF No. 1 ¶¶ 27–38.) In *Stinson VII*, Stinson alleged that NationStar fraudulently sold his home, No. 2:24-cv-2094-SHL-cgc, ECF No. 1 ¶ 8—the same claim he alleges against NationStar in this case (ECF No. 1 ¶¶ 39–49). *Stinson VI* and *Stinson VII* thus share identities with the state-law causes of action in this case, and all issues in this case were or should have been raised in those cases.

Because each element of res judicata is satisfied, it is recommended that Stinson's claims against Wall, Yates, and NationStar be dismissed.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Stinson's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

Respectfully submitted this 14th day of August, 2025.

s/Annie T. Christoff<br>
ANNIE T. CHRISTOFF<br>
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.

---

[7] In response to a motion to dismiss filed by Wall in *Stinson VI*, Stinson clarified that his claims against Wall included breach of fiduciary duty, misappropriation of funds, failing to act in his best interest, misrepresentation, and breach of the duty of good faith and fair dealing. CT-4058-20 (Tenn. Cir. Ct. July 19, 2022).